IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMIE ENGLER,

Plaintiff,

v.

DONALD W. BROWN, INC., D/B/A
COLDWELL BANKER BROWN REALTORS,

Defendant.                                        No. 3:11-cv-00997-DRH-DGW

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before this Court is defendant Donald W. Brown, Inc., d/b/a Coldwell Banker Brown Realtors' motion to dismiss plaintiff Jamie Engler's complaint regarding a state law claim of intentional infliction of emotional distress (IIED), a claim for violation of the Illinois Human Rights Act (IHRA), and a claim for violation of the Americans with Disabilities Act (ADA). Defendant argues that the complaint should be dismissed based on two grounds: 1) count II (the IHRA violation) fails to state a cause of action due to plaintiff's failure to show an exhaustion of remedies under the IHRA; and 2) count I (IIED) fails to state a cause of action. Defendant further argues that this Court does not have jurisdiction over the IIED claim because that cause cannot stand independent of the IHRA. Plaintiff contends she has exhausted her administrative remedies and therefore defendant's motion must be denied as to plaintiff's IIED claim. Plaintiff asserts

that she has alleged that defendant's actions far exceed "mere insults, indignities, threats, annoyances, petty oppression, or other trivialities" that are part of a complex society and an average member of the community would be lead to exclaim that defendant's conduct was in fact "Outrageous!"  Additionally, plaintiff contends that her IIED claim exists independently from her IHRA violation claim.  For the reasons that follow, defendant's motion is denied.

## I. Background

On October 13, 2011, plaintiff instituted a civil action against defendant in the circuit court of Madison County, Illinois.  On November 9, 2011, defendant filed a notice of removal (Doc. 2) asserting that this Court had original jurisdiction based upon a federal question, i.e., the ADA claim, pursuant to 28 U.S.C. § 1331 and § 1441.  In her complaint, plaintiff alleges the following: On February 24, 2011, plaintiff was informed that she had breast cancer and she notified her employer Coldwell Banker Brown of the diagnosis that same day.  Plaintiff underwent treatment for breast cancer, including surgeries, chemotherapy, and radiation.  During plaintiff's treatment, defendant refused to allow her to use accrued sick leave, use the work phone for medical necessities, and informed her that her job was in jeopardy.  On June 3, 2011, defendant telephoned plaintiff in the hospital while she was recovering from a medical procedure to inform her that her employment had been terminated.  Based on the alleged facts plaintiff has brought the following three counts: 1) IIED; 2) violation of the IHRA; and 3)

violation of the ADA. On December 6, 2011, defendant filed this motion to dismiss plaintiff's complaint. As mentioned above, defendant argues that the complaint should be dismissed based on two grounds: 1) count II (the IHRA violation) fails to state a cause of action due to plaintiff's failure to show an exhaustion of remedies under the IHRA; and 2) count I (IIED) fails to state a cause of action. Defendant further argues that this Court does not have jurisdiction over the IIED claim because that cause cannot stand independent of the IHRA. The Court will address each argument in turn.

## II. Standard of Review

Rule 12(b)(6) of the Federal Rule of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *E.E.O.C. v. Concentra Health Servs. Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In applying the standard for Rule 12(b)(6) motions to dismiss, courts must accept well-pleaded factual allegations as true, although it is not bound by the legal characterizations plaintiff gives those facts. *Republic Steel Corp. v. PA Eng'r Corp.*, 785 F.2d 174, 182 (7th Cir. 1986). Additionally, according to the Supreme Court in *Bell Atl. Corp v. Twombly*, 550 U.S. 554 (2007), there are two clear hurdles to clear: first, the complaint must describe the claim in sufficient detail to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests,'" (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)), and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising

that possibility above a "speculative level." *Twombly*, 550 U.S. at 555.

### III. Analysis

A.   *Count II: The IHRA*

Plaintiff alleges she was dismissed from employment due to her breast cancer thus violating the IHRA.  Defendant argues that plaintiff has failed to first file a charge with the Human Rights Commission as required by the IHRA. For the reasons that follow, defendant's motion to dismiss the IHRA count is denied.

The IHRA provides a comprehensive scheme of remedies and administrative procedures to redress human rights violations, and claims under the IHRA fall within the exclusive jurisdiction of the Illinois Human Rights Commission. *Talley v. Washington Inventory Serv.*, 37 F.3d 310, 311 (7th Cir. 1994).  Courts have no jurisdiction to hear independent actions for alleged human rights violations; "[r]ather, judicial review is only available under the IHRA after Illinois Human Rights Commission has issued a final order on a complaint." *Id*. at 312.

Despite defendant's arguments, plaintiff alleges and shows in her motion in opposition to defendant's motion to dismiss and attachments thereto that she did in fact first file this complaint with the Human Rights Commission and the United States Equal Employment Opportunity Commission.  See Doc. 17, p. 17-19.  Accordingly, defendant's motion to dismiss plaintiff's complaint based on failure to comply with administrative procedure is denied.

B.  *Count I: IIED*

1.  *Failure to Plead IIED Elements*

Defendant argues that plaintiff failed to make factual allegations from which the level of severity needed for a claim of IIED could be inferred.  Defendant claims plaintiff merely faces everyday work-place stress and has not been subjected to emotional distress.  On the other hand, plaintiff argues that defendant knew about her condition, intended to inflict emotional distress, and then did cause her to have severe emotional distress.

Under Illinois law, a plaintiff alleging an IIED claim must show that (1) the defendant's conduct was extreme and outrageous, (2) that the defendant intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would inflict severe emotional distress, and (3) that the defendant's conduct did cause severe emotional distress.  *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997) (citing *Harriston v. Chi. Tribune Co.*, 992 F.2d 697, 702 (7th Cir.1993)).  Further, a tort of IIED does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities; instead, the conduct must go beyond all bounds of decency and be considered intolerable in a civilized community.  *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001).  Each particular case for IIED will be judged by an objective standard to determine whether the alleged conduct was extreme and outrageous.  *Harriston*, 992 F.2d at 703.  One factor considered in determining

whether there was extreme and outrageous conduct, is the degree of power or authority which defendant has over plaintiff; the more control which defendant has over plaintiff, the more likely that defendant's conduct will be deemed outrageous, particularly when the alleged conduct involves either a veiled or explicit threat to exercise such authority or power to plaintiff's detriment. *Smith*, 256 F.3d at 490.

Taking plaintiff's allegations as true, as the Court must, this Court finds that an ordinary member of the community could find defendant's conduct to be outrageous and at an extreme level so as to cause IIED.  Further, the fact that defendant was in a position of power and authority over plaintiff based on their employer/employee relationship leads to a more likely determination of outrageous conduct.  Additionally, defendant was fully aware of plaintiff's medical condition and thus was aware of the high probably that his conduct would cause severe emotional distress.  Lastly, according to the plaintiff's complaint, defendant's conduct did in fact cause such distress.  Accordingly, defendant's motion to dismiss plaintiff 's IIED claim is denied.

### 2. *Jurisdiction Over The IIED Claim*

Next, defendant argues that this Court does not have original jurisdiction over this action because the IIED claim is dependent on the IHRA claim.  Plaintiff contends that her IIED claim is independently plead from the IHRA claim.

The IHRA does not preclude courts from exercising jurisdiction over all tort

claims factually related to incidents of a civil rights violation. *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006). "The distinction between claims that are preempted by the IHRA and claims that are not preempted turns on the legal duty that the defendant allegedly breached; 'that is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not "furnish the legal duty that the defendant was alleged to have breached," the IHRA does not preempt a state law claim seeking recovery for it.'" *Id*. at 604 (quoting *Krocka v. City of Chi.*, 203 F.3d 507, 516/517 (7th Cir. 2000)).

Here, defendant argues that this Court lacks jurisdiction over the tort claim because it is inextricably linked to the civil rights violation such that there is no independent basis for the action apart from the IHRA. This Court finds, however, that plaintiff has alleged the elements for IIED, making the distinction from any legal duties arising under the IHRA. Similarly in *Naeem*, the Seventh Circuit found that the plaintiff's IIED claim for an abusive work environment was not preempted due to her IHRA claim. *Naeem*, 444 F.3d at 604. Furthermore, the Seventh Circuit in *Naeem* held that the proper inquiry was not whether the facts that support a IIED claim could also have supported a discrimination claim, but instead whether the plaintiff can prove the elements of IIED independent of legal duties furnished by the IHRA. *Id.* At this stage, plaintiff has alleged enough to prove a claim IIED independent of her IHRA claim. Accordingly, the tort claim is independent from the civil rights violation and shall not be preempted by the

IHRA.  Defendant's motion is denied.

## IV. Conclusion

For the above mentioned reasons, defendant's motion for dismissal under Federal Rule 12(b)(6) is denied.

**IT IS SO ORDERED.**

**Signed this 1st day of August, 2012.**

Digitally signed by
David R. Herndon
Date: 2012.08.01
10:56:45 -05'00'

**Chief Judge Herndon
United States District Court**